# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHERIE WILSON** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 19-1905 |
| v. | : | |
| | : | |
| **ETHICON, INC.,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 16th day of December 2019, upon consideration of the *motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue*, [ECF 4], filed by Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Moving Defendants"), Plaintiff's response in opposition thereto, [ECF 6], Moving Defendants' reply, [ECF 8], Defendants' supplemental authority, [ECF 12], and the allegations contained in the operative complaint, [ECF 1, Exs. A, B], it is hereby **ORDERED** that Defendants' motion to dismiss is **DENIED**,[1] but

---

[1] In their underlying motion, Moving Defendants argue that this Court lacks personal jurisdiction over them because they are not "at home" in Pennsylvania, as required by the seminal Supreme Court decision, *Daimler AG v. Bauman*, 571 U.S. 117 (2014), and because Plaintiff's claims do not arise out of any contacts Moving Defendants have with Pennsylvania. While Plaintiff concedes that this Court lacks general jurisdiction over Moving Defendants under *Daimler*, she argues that this Court possesses specific jurisdiction over them because her claims arise out of Moving Defendants' contacts with Pennsylvania. In particular, Plaintiff argues that Moving Defendants worked with Secant Medical, Inc. and Secant Medical, LLC (collectively, "Secant") who, at Moving Defendants' direction and specification and while located in Pennsylvania, created the mesh that is at the heart of Plaintiff's product liability claims. This Court agrees with Plaintiff.

Specific jurisdiction over corporate defendants is found where there is an "affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum state." *Bristol-Myers Squibb Co. v. Super. Ct. of Calif.*, 137 S. Ct. 1773, 1781 (2017) (citations omitted). The affiliation must consist of conduct that is both connected to the forum state and relevant to the claims in the case. *Id.* This Court finds that Plaintiff's claims meet these requirements. Plaintiff has alleged that she was injured by the negligent and defective design and manufacture of the TVT pelvic mesh device, which Moving Defendants manufactured using the defective mesh made by Secant in Pennsylvania. Secant allegedly made the mesh at Moving Defendants' direction and specifications. As such, there exists a sufficient affiliation between Pennsylvania, Moving Defendants' contacts with this forum, and Plaintiff's claims. *See Carlino v. Ethicon, Inc.*, 208 A.3d 92 (Pa. Super. Ct. 2019) (holding that "the trial court properly exercised jurisdiction over Ethicon based on . . . Ethicon's substantial role in the production of mesh for

Defendants' alternative motion to transfer venue is **GRANTED**.[2] The Clerk of Court is directed to **TRANSFER** this matter to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

the TVT at the Pennsylvania plant of Secant Medical, Inc."); *Hammons v. Ethicon, Inc.*, 190 A.3d 1248, 1263-64 (Pa. Super. Ct. 2018) ("The connection between Ethicon and Pennsylvania is considerably stronger than the connection between Bristol-Myers and California. Ethicon supervised the design and manufacturing process of pelvic mesh in Pennsylvania in collaboration with Secant Medical, Inc., a Bucks County company."); *In re Pelvic Mesh Litig.*, No. 140200829 (Pa. Ct. Cm. Pl. May 18, 2018) ("Since a portion of the manufacturing process of the . . . TVT . . . pelvic mesh medical devices occurs in Pennsylvania, this Court's exercise of specific personal jurisdiction comports with traditional notions of fair play and substantial justice."), *aff'd*, 2019 WL 1486697 (Pa. Super. Ct. Apr. 3, 2019). Accordingly, Moving Defendants' motion to dismiss for lack of personal jurisdiction is denied.

[2] As to the propriety of a transfer of this matter to the United States District Court for the Eastern District of Wisconsin, neither party disputes that this Court may do so pursuant to 28 U.S.C. § 1404. Section 1404 allows a court to transfer a matter to any other district where venue is proper "[f]or the convenience of the parties and witnesses, in the interest of justice . . . ." *Id.* It also allows transfer to "any district . . . to which all parties have consented." *Id.* Here, by way of the parties' underlying filings, the parties have consented to venue of this matter in the Eastern District of Wisconsin. In addition, and as the parties have conceded, venue is proper in the Eastern District of Wisconsin because Plaintiff is a resident of Wisconsin and suffered her alleged harm there. *See* 18 U.S.C. § 1391(b). Further, as also conceded by the parties, the public and private factors set forth by the United States Court of Appeals for the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) weigh in favor of transfer to the Eastern District of Wisconsin. Therefore, this matter is transferred to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a).